By the Court.
Suit was brought by the executors of M. C. on three promissory notes. The maker’s answer averred that he had borrowed certain sums of money of J. C., giving him five notes, and had paid to him usurious interest thereon, stating sums and dates; that J. C. died intestate, leaving M. C., his widow and sole heir; that no administrator was appointed; that she took possession of all the personal estate, including said notes, and settled J. C.’s debts; that she desired the maker to pay said notes, or renew them to her in her own name; that computation was made, without deducting usury; that he paid all the interest and a small part of the principal, and gave her the notes sued on simply as a renewal of the old indebtedness; that she paid no consideration for them, and parted with no right whatever on account of said renewal. The answer asked that the usurious payments should be credited on the notes, and judgment rendered for the balance only.
The common pleas sustained a demurrer to this answer, and gave judgment in favor of M. C.’s executors for their entire claim. The district court reversed this judgment and overruled the demurrer.
*678 Held, this was right. If a qualified administrator had receipted to P. for the amount of notes and interest, taking M. C.’s receipt for the proceeds as só much of her distributive share of the estate, while P. made his notes payable to her, the debt to the estate would have been extinguished. But the answer showed her acting in the matter as the representative of the estate, accepting notes in renewal of its claim, and bound to account to it for so much of them, if any, as should be required to settle its liabilities. Hence, the maker may make the same defense as to usury that he could have made against a renewal note given to the intestate or to his legal representative.

Judgment affirmed.